FRUGE, Judge ad hoc.
I respectfully dissent from the majority opinion for the reason that the law has been erroneously applied to the facts as found -by the majority.
The majority opinion states: “From such undisputed evidence, a finding must be made that the left front corner of plaintiff’s truck collided with the right front corner of defendant’s truck.”
These physical facts relied on by the majority show that both vehicles entered the intersection at, or about the same time. The record will also disclose that both streets are black-topped only 18 feet- in width, with no sidewalks, curbs or gutters by either street. It is undisputed that both drivers failed to see the other until just prior to collision.
The facts in the case of Van Dyke v. Waguespack, La.App., 198 So. 425, are practically identical to the present case. In . that case this court resorted to the Highway Regulatory Act to determine which motorist had the greater rights at the intersection. After holding that the plaintiff had the right of way because she approached from the right, the court said: “The only way that Mrs. Van Dyke could be held guilty of contributory negligence was her failure to see Waguespack in time to avoid the accident. It must be remembered that she was approaching the intersection from the right and it was her duty to look to her right (toward the north) and then toward the south. She says that she first looked to her right and then to her left; that she could not see down Osceola Street to her left because of the obstruction and it was because of this obstruction that she did not see Waguespack until about the time -she was entering the intersection. But as she had a right of way over cars approaching from her left, she had a right to assume that another car approaching from that direction and reaching the intersection after or about the time she did *780 would concede her the right to cross first. In our opinion, the situation is somewhat similar to that in the two cited cases where the drivers of cars approaching an intersection from the right were found to be free of contributory negligence. The trial judge was therefore correct in holding the defendants liable.”
I need not go further than the first three syllabuses in the Van Dyke case for a clear statement of the law applicable to the case at bar, namely:
“1. Under state highway regulatory act, where neither of two intersecting streets or highways is given the right of way over the other, a vehicle approaching intersection from the right has the right of way over a vehicle approaching intersection from the left. Act No. 286 of 1938, § 3, rule 11.
“2. The driver of an automobile, who has the right of way at an intersection under provision of state highway regulatory act giving the vehicle approaching intersection from the right the right of way over vehicle approaching from the left, may assume that motorist approaching from his left will respect his right of way. Act No. 286 of 1938, § 3, rule 11.
“3. In action for injuries sustained in an automobile collision at intersection, which both automobiles reached at about the same time, failure of motorist, approaching intersection from plaintiff’s left, to reduce his speed when his view to the right was obstructed by a hedge, his failure to see plaintiff’s automobile approaching from his right in time to avoid striking it on left side, and his failure to have his automobile under control so as to yield right of way to motorist approaching from his right, held to constitute negligence which was the ‘proximate cause’ of collision.”
The conclusion reached by the majority that the defendant’s truck had “traversed half the intersection before plaintiff entered” is not warranted by the physical facts which they themselves have found.
I therefore respectfully submit that the plaintiff should recover.